IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MADISON PEPPAS LOTT                                                              PLAINTIFF

v.                                          CIVIL NO. 21-2042

KILOLO KIJAKAZI,[1]  Acting Commissioner
Social Security Administration                                                  DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Madison Peppas Lott, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for (SSI) benefits under the provisions of Title XVI of the Social Security Act (Act).  In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

**I.      Procedural Background:**

Plaintiff protectively filed her current application for SSI on January 11, 2019, alleging an inability to work due to complex regional pain syndrome, asthma, ulcerative colitis, and jumpy eyes. (Tr. 322-323, 417).  An administrative telephonic hearing was held on May 7, 2020, at which Plaintiff appeared with counsel and testified. (Tr. 299-321).

By written decision dated August 5, 2020, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 11).

---

[1] Kilolo Kijakazi, has been appointed to serve as Acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

Specifically, the ALJ found Plaintiff had the following severe impairments: degenerative disc disease; obesity; asthma; a history of complex regional pain syndrome; and a seizure disorder. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 12). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR 416.967(b) except the claimant can occasionally stoop, kneel, crouch, and crawl. She can have no concentrated exposure to temperature extremes, dust, fumes, humidity, chemicals, or other pulmonary irritants. Seizure precautions such as no work around hazards such as unprotected heights or dangerous moving mechanical parts. She can perform work where the interpersonal contact is only incidental to the work performed (meaning a limited amount of meet and greet, and no sales or solicitation). The claimant can understand, follow, and retain simple instructions and perform simple tasks in a non-production pace workplace; and jobs can require little independent judgment to perform those tasks. She can tolerate occasional changes in a routine work setting.

(Tr. 12-13). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a price marker and a cafeteria attendant. (Tr. 16).

Plaintiff then requested a review of the hearing decision by the Appeals Council, who denied that request on December 8, 2020. (Tr. 1-5). Subsequently, Plaintiff filed this action. (ECF No. 3). This case is before the undersigned pursuant to the consent of the parties. (ECF No. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 15, 18).

**II.    Applicable Law:**

The Court reviews "the ALJ's decision to deny disability insurance benefits *de novo* to ensure that there was no legal error that the findings of fact are supported by substantial evidence on the record as a whole." *Brown v. Colvin,* 825 F. 3d 936, 939 (8th Cir. 2016). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate

to support the Commissioner's decision. *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019). We must affirm the ALJ's decision if the record contains substantial evidence to support it. *Lawson v. Colvin*, 807 F.3d 962, 964 (8th Cir. 2015). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the ALJ's decision. *Id*.

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. § 423(d)(1)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy

given her age, education, and experience. *See* 20 C.F.R. § 416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982), *abrogated on other grounds by Higgins v. Apfel*, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. § 416.920.

### III.   Discussion:

Of particular concern to the undersigned is the ALJ's RFC determination. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. *Id*. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005); *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect h[er] RFC." *Id*.

In the present case, the ALJ determined Plaintiff had the RFC to perform light work with limitations. After reviewing the record, the undersigned is troubled by the fact that no examining or non-examining medical professional opined as to Plaintiff's capabilities to perform in the workplace subsequent to the start of her seizure activity in February of 2020.

A review of the record revealed that on February 9, 2020, Plaintiff was treated in the emergency department of Baptist Health for seizure like activity.[2] (Tr. 22). Plaintiff's mother reported Plaintiff had been knocked out at a friend's house the previous night and appeared "altered." A CT of Plaintiff's head was ordered and was found to be unremarkable. Plaintiff was diagnosed with a seizure; started on Keppra; and instructed to follow-up with her treating physician. As noted by the ALJ, Plaintiff followed-up with her treating physician on February 18, 2020. (Tr. 877). At this appointment, Plaintiff denied experiencing fatigue, arthralgias, back pain, dizziness, headaches, visual disturbance, or leg swelling, but did report ongoing seizure activity. Dr. Thanh Tan Le performed a physical examination of Plaintiff noting she had normal range of motion of her neck and back; had no tenderness; and was neurologically intact. Dr. Te diagnosed Plaintiff with seizures, new onset; and indicated he would obtain an EEG and refer Plaintiff for a neurology consult. At the administrative telephonic hearing held on May 7, 2020, Plaintiff testified that she continued to experience one to two seizures a month. (Tr. 305). After reviewing the record as a whole, the Court finds remand necessary so that the ALJ can more fully and fairly develop the record regarding Plaintiff's seizure impairment.

On remand, the ALJ is directed to address interrogatories to a medical professional, preferably a neurologist, requesting that said physician review Plaintiff's medical records; complete a RFC assessment regarding Plaintiff's capabilities during the time period in question; and give the objective basis for the opinion so that an informed decision can be made regarding Plaintiff's ability to perform basic work activities on a sustained basis. With this evidence, the ALJ

---

[2] The Court notes evidence submitted to the Appeals Council is considered part of the record on appeal. *See Cunningham v. Apfel*, 222 F.3d 496, 500 (8th Cir. 2000).

should then re-evaluate Plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessment and supported by the evidence.

**IV.    Conclusion:**

Accordingly, the Court concludes that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the Plaintiff should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 7th day of February 2022.

/s/   *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE